PS1-101                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4738
_____

LA MAR GUNN,
                              Appellant

v.

CREDIT SUISSE GROUP AG;
NIKOLE SHELTON
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-13-cv-00163)
District Judge:  Honorable Richard G. Andrews
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 15, 2015
Before:  RENDELL, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: April 21, 2015)
_____

OPINION*
_____

PER CURIAM

        La Mar Gunn appeals from the District Court's order dismissing his complaint.

For the reasons that follow, we will affirm the District Court's judgment.

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In January 2013, Gunn filed a pro se qui tam action under the False Claims Act ("FCA"), 31 U.S.C. § 3730 et seq., on behalf of the United States.[1] He was granted leave to proceed with the action in forma pauperis. Gunn alleged violations against appellees for civil fraud under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964. In particular, Gunn alleged that appellees Nikole Shelton and Credit Suisse Group AG committed fraud and engaged in unlawful residential mortgage practices by intentionally altering securitization documents filed with the Internal Revenue Service and the Securities and Exchange Commission. Gunn further asserted that appellees have "tricked" courts throughout this country into accepting these counterfeit documents.

In accordance with § 3730(b)(2), the Clerk's Office opened the case under seal. After the Government advised the court that it declined to intervene, the District Court proceeded to screen and review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Initially, the court noted Gunn's pro se status and acknowledged that his pleadings would be liberally construed and his complaint held to less stringent standards than one drafted by an attorney. See D. Ct. Mem. Op. at 3. Even with such liberal construction, however, the District Court concluded that the complaint was subject to summary dismissal given the simple fact that Gunn, who is not an attorney, was not qualified to represent the United States. The District Court further noted that Gunn's failure to comply with

---

[1] The FCA makes it unlawful to knowingly submit a fraudulent claim to the Government. See, e.g., United States ex rel. Paranich v. Sorgnard, 396 F.3d 326, 331-32 (3d Cir. 2005). A qui tam action permits a private party, a relator, to file suit on behalf of the United States against anyone submitting a false claim to the Government, and rewards a successful plaintiff with part of the recovery. See United States ex rel. Zizic v. Q2Administrators, 728 F.3d 228, 231 n.1 (3d Cir. 2013).

several FCA service and filing requirements justified dismissal of his complaint, as did the fact that the complaint failed to set out a cognizable FCA claim. See id. at 5-6.

Gunn's attempt to raise a RICO claim fared no better as the District Court concluded that nothing in the FCA allows a private citizen to file such a claim on behalf of the United States. Moreover, Gunn could not represent the Government with respect to any such claim. The court therefore entered an order dismissing the complaint in its entirety pursuant to § 1915(e)(2)(B). The court further noted that the only way Gunn could attempt to cure the defects would be to obtain counsel and file an amended complaint. Gunn was thus afforded an opportunity to obtain counsel to enter an appearance and file an amended complaint. Gunn was warned that his failure to do so would result in the Clerk being directed to close his case. After considering Gunn's reconsideration motion wherein he requested leave to file an amended pro se complaint, the District Court entered an order denying the motion and directing the Clerk to close the case. This timely appeal followed.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of Gunn's complaint under § 1915(e). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We agree that Gunn's pro se complaint was subject to dismissal. While it does not appear that we have had occasion to address the issue, every circuit that has is in agreement that a pro se litigant may not pursue a qui tam action on behalf of the Government. See United States ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 93 (2d Cir. 2008); Timson v. Sampson, 518 F.3d 870, 873-74

3

(11th Cir. 2008); Stoner v. Santa Clara Cnty. Office of Educ., 502 F.3d 1116, 1126-27 (9th Cir. 2007); United States ex rel. Lu v. Ou, 368 F.3d 773, 775-76 (7th Cir. 2004) (citing also United States v. Onan, 190 F.2d 1, 6-7 (8th Cir. 1951)), rev'd on other grounds, 556 U.S. 928 (2008); Jones v. Jindal, 409 F. App'x 356 (D.C. Cir. 2011) (unpublished); United States ex rel. Brooks v. Lockheed Martin Corp., 237 F. App'x 802, 802 (4th Cir. 2007) (unpublished).

There can be little doubt that the United States remains the real party in interest in this action. See, e.g., United States ex rel. Eisenstein v. City of New York, 556 U.S. 928, 934-35 (2009); Mergent Servs., 540 F.3d at 93. As set forth in 28 U.S.C. § 1654, "[i]n all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel …." The federal courts "have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008) (collecting cases); see also Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882 (3d Cir. 1991) (holding that parent and guardian could not litigate pro se on behalf of his children). Gunn does not allege that he has a personal interest or injury to vindicate on account of appellees' alleged actions. As such, we do not hesitate to conclude that the District Court did not err in concluding that Gunn may not maintain this qui tam action in his pro se capacity as a relator on behalf of the United States.

Despite Gunn's repeated contentions that he is best suited to pursue this qui tam action given his special "securitization" knowledge, he argues on appeal that the District

4

Court should have appointed counsel for him in order to allow his action to proceed. However, appellee Credit Suisse Group AG is correct in its assertion that Gunn never requested the appointment of counsel, and instead insisted that he is more qualified than most attorneys to pursue this action on behalf of the Government. Surely Gunn cannot mean to imply that the District Court is obligated to sua sponte consider the appointment of counsel in every qui tam action filed by a litigant in a pro se capacity, and we would refuse to impose such an obligation on the District Court in any event.

Gunn likewise cannot be heard to argue that the District Court committed reversible error in failing to construe his pro se filings liberally. The District Court specifically noted Gunn's pro se status and its obligation to construe his pleadings liberally. See D. Ct. Mem. Op. at 3 (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). Moreover, as appellee Credit Suisse Group AG notes, the District Court's dispositive holding was based on the fact that Gunn may not represent the interest of the United States in a pro se capacity – not on any construction of his pleading or on the underlying merits of the action. It is for this same reason that we conclude the District Court did not abuse its discretion in failing to afford Gunn a further opportunity to amend the complaint after having previously granted him leave to obtain counsel for the purpose of filing an amended complaint, and warned him of possible dismissal. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Given the foregoing, we will affirm the District Court's judgment and have no need to consider the appropriateness of the District Court's alternative justifications for

dismissal of Gunn's complaint. Gunn's numerous motions for "Mandatory Judicial Notice" pursuant to Fed. R. Evid. 201 are denied as such motions are not appropriate on appeal. <u>See</u> Fed. R. App. P. 10.[2]

---

[2] Appellee Credit Suisse Group AG asserts that Gunn has included unfounded and *ad hominem* attacks against the District Court and counsel in his appellate brief, and requests that the Court admonish Gunn for such statements. The Court agrees that Gunn's status as a pro se litigant does not excuse him from exhibiting an acceptable level of civility. Gunn would be well advised to draft future filings accordingly.